# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No. 2:10-cr-20-WTL-CMM-1 |
| JOSHUA TIANO, | ) |
| Defendant. | ) |

## ENTRY ON MOTION TO SUPPRESS

This cause is before the Court on Defendant Joshua Tiano's Motion to Suppress (Docket No. 28). Specifically, Cartwright seeks to suppress the evidence obtained from the July 5, 2010, warrantless search of the rented recreational vehicle ("RV") that Tiano was driving. The Court held an evidentiary hearing on the Defendant's motion on June 21, 2011. Pursuant to Federal Rule of Criminal Procedure 12(d), the Court now states its findings and conclusions. For the reasons explained herein, Tiano's Motion to Suppress is **DENIED**.

## I. BACKGROUND

On July 5, 2010, Sargent R.C. Sibbitt (and his K-9 partner Two) observed an RV driven by Defendant Joshua Tiano repeatedly cross the white "fog line" and swerve onto the shoulder of Interstate 70. Sargent Sibbitt also noticed that the RV's license plate was partially obscured by a frame, in violation of Title 9 of the Indiana Code. Accordingly, at approximately 2:51 a.m., Sargent Sibbitt initiated a traffic stop of the RV. Tiano promptly pulled to the shoulder of the road and, per Sargent Sibbett's request, exited the vehicle with his license and registration. In response to Sargent Sibbitt's questions, Tiano stated that he was from Washington and had rented the RV outside of San Diego, California on July 2, for $3600. The RV was to be returned

to California on July 9. Tiano explained that he and his companion, Raymond Bailey, were driving to Columbus, Ohio to visit some of Tiano's female friends. Tiano stated that he worked construction but, as a result of a felony drug conviction, was having difficulty finding work. Tiano reported that Bailey, who also lived in Washington State, was a real estate agent.

Sargent Sibbitt then approached the RV to speak with Bailey, who was still in the vehicle. Bailey confirmed that he was a real estate agent from Washington State. However, he did not know where Tiano lived or how he was employed. Bailey told Sargent Sibbitt that he and Tiano rented the RV to drive to Columbus, Ohio to attend a festival with some of Tiano's friends.

Sargent Sibbitt then returned to his patrol car and invited Tiano to sit in the front passenger seat while he radioed in some information. Sargent Sibbitt requested backup, as well as license and criminal history information on both Bailey and Tiano. While waiting for the results of the license and criminal history checks, Deputy Downing (the requested backup unit) arrived and Sargent Sibbitt requested Tiano's consent to search the RV. Tiano said "no." At this point, approximately 26 minutes after commencing the traffic stop, Sargent Sibbitt and Two conducted an exterior sniff of the RV. Two alerted at the passenger's door, the driver's door, and near the back of the RV. Sargent Sibbitt and Two then entered the RV, where Two alerted again, and began scratching at a suitcase. Sargent Sibbitt opened the suitcase and found approximately three grams of a green leafy substance.

Upon exiting the vehicle, Sargent Sibbitt placed Tiano and Bailey under arrest and advised them of their *Miranda* rights. Sargent Sibbitt and Deputy Downing then conducted a more thorough search of the RV, eventually locating 463 pounds of marijuana.

2

In September 2010, the grand jury indicted Tiano for knowingly possessing with intent to distribute 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B), and 18 U.S.C. § 2.

## II. DISCUSSION

Assuming the initial traffic stop was lawful,[1] Tiano's argument is that his subsequent detention was unreasonable and violated the Fourth Amendment. In support of his argument, Tiano cites *Illinois v. Caballes*, 543 U.S. 405, 407 (2005), in which the Supreme Court stated that "a seizure that is lawful at its inception can violate the Fourth Amendment if its manner of execution unreasonably infringes interests protected by the Constitution." Tiano also relies on *Florida v. Royer*, 460 U.S. 491, 500 (1983), which states: "[A]n investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop" and "the investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time."

The Seventh Circuit has long held that after a traffic stop, law enforcement officers may prolong an individual's detention for a short period of time to inquire about matters unrelated to the traffic stop. *United States v. Childs*, 277 F.3d 947, 954 (7th Cir. 2002) (en banc). "[I]nformation lawfully obtained during that period [following the end of the traffic stop] may provide the officer with reasonable suspicion of criminal conduct that will justify prolonging the

---

[1] Tiano does not appear to contest the validity of the initial traffic stop. Nor could he, as Sargent Sibbitt testified that he saw Tiano's RV cross the white "fog line" and drift onto the shoulder of the road at least three times. Moreover, the RV's license plate was partially obscured by a frame in violation of IND. CODE 9-18-2-26(b)(5). Given these undisputed facts, Sargent Sibbitt was justified in stopping the RV. Therefore, the Court cannot say that the initial traffic stop was unreasonable.

stop to permit a reasonable investigation." *United States v. Martin*, 422 F.3d 597, 602 (7th Cir. 2005).

Based on the testimony at the evidentiary hearing, as well as the parties' submissions, the Court concludes that Tiano's detention was not unreasonable. First, the Court notes that the testimony at the evidentiary hearing indicates that when Sargent Sibbitt and Two conducted the exterior sniff of the RV, the traffic stop had not been concluded. At this point of the stop Sargent Sibbitt had not issued Tiano a traffic ticket and he had not returned Tiano's license and registration information. In short, Tiano was not yet free to go.

However, assuming that the traffic stop *was* completed before the dog sniff occurred, the Court cannot conclude that Tiano's subsequent detention was unreasonable. Based on information revealed during his conversation with Tiano during the traffic stop, Sargent Sibbitt suspected that criminal activity was afoot. At the evidentiary hearing, Sargent Sibbitt cited several facts that he considered "red flags": (1) RVs are often used to transport large quantities of narcotics; (2) Tiano and Bailey's stories were not entirely consistent; (3) Tiano was traveling from one narcotics "source area" to another; (4) Tiano, who had only intermittent employment, paid a large sum of money to rent the RV for a short time period; and (5) Tiano appeared nervous when talking with Sargent Sibbitt. In addition, Tiano admitted that he had a previous felony drug conviction. Given this information, Sargent Sibbitt was justified in detaining Tiano long enough to either confirm or deny his suspicions. *United States v. McBride*, 635 F.3d 879, 882 (7th Cir. 2011); *United States v. Figueroa-Espana*, 511 F.3d 696, 702 (7th Cir. 2007); *Martin*, 422 F.3d at 601-02. Less than 30 minutes after commencing the traffic stop, and at most several minutes after the traffic stop was completed, Sargent Sibbitt and Two conducted an open

air sniff of the RV. Once Two alerted to the presence of drugs, Sargent Sibbitt's reasonable suspicion elevated to probable cause to search the RV. *United States v. Loera*, 565 F.3d 406, 410 (7th Cir. 2009); *United States v. Ganser*, 315 F.3d 839, 844 (7th Cir. 2003). Based on the evidence in the record the Court simply cannot conclude that there was any unreasonable delay or that Sargent Sibbitt behaved unreasonably.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Suppress (Docket No. 28) is **DENIED**.

SO ORDERED: 06/27/2011

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Stephen Ward Dillon
Dillon Law Office
dillonlaw@prodigy.net

Matthias David Onderak
United States Attorney's Office – EV
Matthias.Onderak@usdoj.gov

U.S. Marshals Service

U.S. Probation Office